**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOSEPH JOHNSON, et al.,       )
                                       )
        Plaintiff,            )
                                       )
        v.                 )          No. 4:12CV2155 AGF
                                       )
UNITED STATES, et al.,        )
                                       )
        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis and submission of a civil complaint.  Based on the financial affidavit submitted with the motion, the Court has determined that Plaintiff is unable to pay the filing fee, and the Court will allow Plaintiff to proceed in forma pauperis.  Under 28 U.S.C. § 1915(e), the Court is required to review any complaint filed in forma pauperis and to dismiss it if it is frivolous, malicious, or if it fails to state a claim upon which relief can be granted.

In the complaint, Plaintiff sues several judges of this Court, the President of the United States, several Justices of the Supreme Court of the United States, several officials of the United States, and several state officials.  Plaintiff alleges that there is a "spying program executed by the United States Government [which] was an investigative check against the Plaintiff[] for contesting redress in the Probate Court under Estate of P.D. Johnson # 3-87-0974-P-D."  Plaintiff believes that this spying program involves the FBI, NSA, the judges of this Court, as well as several other federal and state agencies, the

purposes for which appear to be to retaliate against Plaintiff and his family for taking action in state court in the 1980s.

The complaint is incoherent and the allegations are wholly delusional.  The Supreme Court of the United States instructed in Denton v. Hernandez, 504 U.S. 25, 31 (1992), that factual allegations that are "fanciful," "delusional," or "fantastic" should be dismissed under § 1915(e).

Moreover, the Court notes that Plaintiff has brought several actions against the judges of this Court.  The Court also notes that Plaintiff has attempted to disqualify each of the judges of this Court from hearing his cases by adding each of them to his complaints after they have dismissed his frivolous actions.  Finally, the Court notes that he will not be able to disqualify all of the judges on this Court from hearing his cases because the rule of necessity prevents him from doing so.  E.g. Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2nd Cir. 1999) (under the "rule of necessity," where a judge would normally be disqualified to decide a case because she is a party to it, she may hear it because it could not be heard otherwise); Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill.1988) ( "The Court will not allow Plaintiffs to impede the administration of justice by suing every district court judge [in this district] until their case is transferred out of the Seventh Circuit."), aff'd, 894 F.2d 1338 (7th Cir.1990).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma

pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 10th day of December, 2012.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE